

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:03CR367–HEH
)
DAVID GRAHAM, )
)
    Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 51).[1] The Government has moved to dismiss, asserting that Petitioner's § 2255 Motion is barred by the statute of limitations. (ECF No. 55.) For the reasons set forth below, Petitioner's § 2255 Motion will be denied as barred by the statute of limitations.

### I. PROCEDURAL HISTORY

Petitioner pled guilty to possession with intent to distribute fifty grams or more of cocaine base (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Two). (ECF No. 6, at 1–2.) On January 29, 2004, the Court sentenced Petitioner to 181 months of imprisonment. (ECF No. 15, at 2.)

On September 19, 2011, Petitioner was released from the above sentence and began to serve his term of supervised release. (ECF No. 55, at 2.) Shortly thereafter,

---

[1] The Court employs the pagination assigned to the documents by the CM/ECF docketing system.

Petitioner was arrested on new drug charges. (*Id.*) Petitioner pled guilty to the new charges and to violating the terms of his supervised release. (*Id.*) The Court sentenced Petitioner to 87 months on the new charges. (*Id.*) With respect to the term of supervised release, the Court sentenced Petitioner to 57 months of imprisonment to be served consecutive to the 87-month sentence imposed in Case No. 3:11–CR–293–02. (ECF No. 40, at 1.) The Court entered an order reflecting that decision on July 17, 2012. (*Id.*) Petitioner did not appeal at that time.

On November 22, 2016, Petitioner filed a *pro se* notice of appeal. (ECF No. 41.) On March 31, 2017, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's untimely appeal. (ECF No. 46.) On December 4, 2017, the Supreme Court of the United States denied Petitioner's petition for a writ of certiorari. (ECF No. 52.)

On November 13, 2017, Petitioner submitted his § 2255 Motion to prison officials for mailing to this Court. (ECF No. 51, at 13.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Petitioner contends that he is entitled to relief because he failed to receive the effective assistance of counsel at sentencing for violating the terms of his supervised release. (ECF No. 51, at 4.) Specifically, Petitioner contends that counsel failed to realize that "Petitioner should have been sentenced under his original

2

Criminal History Category [Level IV] which would have substantially lowered his Guideline Range from 46 to 57 [at Level V] to 37 to 46 months [at Level IV]." (*Id.*)[2]

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Under 28 U.S.C. § 2255(f)(1), the judgment of conviction for violating the terms of his supervised release became final on Tuesday, July 31, 2012, upon the expiration of the fourteen-day period for filing a direct appeal. *United States v. Diallo*, 581 F. App'x

---

[2] The Government acknowledges that the wrong Criminal History Category was employed in calculating the guideline range for Petitioner's supervised release violation. (ECF No. 55, at 2.)

3

226, 227 (4th Cir. 2014) (citations omitted).[3] Hence, Petitioner had until Wednesday, July 31, 2013 to file any motion under 28 U.S.C. § 2255. Because Petitioner did not file his § 2255 Motion until November 13, 2017, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Unless Petitioner demonstrates a viable basis for a belated commencement of the limitation period or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.

Petitioner contends that he is entitled to a belated commencement of limitation under 28 U.S.C. § 2255(f)(4). That provision provides for a belated commencement of the limitation to "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). At or before his sentencing, Petitioner could have discovered that the incorrect Criminal History Category was employed. The fact that neither he nor his attorney perceived the error does not entitle him to a belated commencement of the limitation period pursuant to 28 U.S.C. § 2255 (f)(4). *Id.* (observing that the petitioner was young and knew little about the law, but concluding that "if these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then [the statute of limitations] might

---

[3] Petitioner's untimely notice of appeal from 2016 has no impact on the limitation period. *Johnson v. United States*, 457 F. App'x 462, 466 (6th Cir. 2012); *United States v. Terrones-Lopez*, 447 F. App'x 882, 885 (10th Cir. 2011) (citation omitted).

as well not exist; few prisoners are lawyers"); *see United States v. Grealish*, 559 F. App'x 786, 787 (10th Cir. 2014). Accordingly, Petitioner is not entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(4).

## III. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion (ECF No. 51) will be denied. The Government's Motion to Dismiss (ECF No. 55) will be granted. Petitioner's outstanding motions concerning his § 2255 Motion and seeking a reduced sentence (ECF Nos. 58, 59) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 30, 2018
Richmond, Virginia